UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM COX, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:19-cv-00638-TWP-MJD<br>) |
| STANLEY KNIGHT,<br>I.D.O.C.,<br>INDIANA PAROLE BOARD,<br>DOC OMBUDSMAN BUREAU,<br>STATE OF INDIANA,<br>DEPARTMENT OF CORRECTION,<br>PLAINFIELD CORRECTIONAL FACILITY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff William Cox filed this civil action. He is currently incarcerated at the Plainfield Correctional Facility. Mr. Cox alleges that the defendants are liable to him because he was falsely imprisoned between March 6, 2015 and May 15, 2016. He seeks an apology and money damages.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Dismissal of Action

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

This action was filed on February 13, 2019, nearly nine months after the expiration of Indiana's 2-year statute of limitations, with Mr. Cox's claims having accrued by no later than May 15, 2016, when he was released from custody. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Mr. Cox alleges that he was prohibited from

filing this action earlier based on community corrections standards. But, Mr. Cox's suggestion that he was not able to timely file his claims must be rejected because he filed these same claims in *Cox v. State of Indiana,* 1:17-cv-226-LJM-TAB (S.D. Ind. 2017) (dismissed pursuant to 28 U.S.C. § 1915A on February 27, 2017).

### III. Further Proceedings

Mr. Cox shall have **through March 13, 2019,** in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 2/28/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM COX
875063
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168